# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**  Tel: 718-740-1000
Email: abdul@abdulhassan.com  Fax: 718-740-2000
*Employment and Labor Lawyer*  Web: www.abdulhassan.com

**January 5, 2022**

**Via ECF**

Hon. Taryn A. Merkl, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

<u>Re: **Martin v. Innovative Lab Solutions NY, LLC**</u>
Case No. 21-CV-02980 (LDH)(TAM)
**Motion for Settlement Approval**

Dear Magistrate-Judge Merkl:

    My firm represents plaintiff Trishana Martin ("Plaintiff" or "Martin") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action. Exhibit 1 is a copy of the fully executed settlement agreement and Exhibit 2 is the time records detailing some of the hours expended by Plaintiff's counsel on this case – Plaintiff's counsel is a solo practitioner, and he was the only attorney that worked on this case for Plaintiff. Exhibit 3 are the costs receipts in this case.

    Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL as well as liquidated damages. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of NYLL 195.

    Based on the allegations in the complaint, Plaintiff is owed approximately $25.50/hr. x 8.5hrs/wk. x 49wks = $10,620.75. Plaintiff was employed by Defendant from in or about February 2020 to on or about January 27, 2021. The complaint in this action was filed on May 26, 2021. (See ECF No. 1).

    Assuming Plaintiff prevails on her wage notice and wage statement claims she could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the

1

FLSA – these are NYLL claims. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information during the mediation through this Court's mediation program – even though the case was not settled at the mediation, the parties continued to build on the progress made at the mediation and the parties were eventually reach a settlement afterwards.

Defendant dispute the work hours alleged by Plaintiff and maintain that Plaintiff was properly compensated for all hours worked. Defendant may also be able to avoid the imposition of liquidated damages – including liquidated damages on all wages paid later than weekly if it proves a good-faith affirmative defense. In general Defendant denies Plaintiff's allegations.

The total settlement amount is $22,771. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $14,667 after costs ($771), and a 1/3 contingency fee ($7,333).

The hourly fees based on the attached time records (Ex. 1), are $14,424 at the retainer rate of $600/hr. for 24.04hrs or about $12,018 at a reduced fee-shifting rate of $500/hr. See *Saravia v. Royal Guard Fence Co., Inc. et al,* 19-CV-02086 (Judge Locke EDNY – December 14, 2020)(awarding Mr. Hassan a 500/hr. rate in the context of a fee-shifting fee application and stating "I would note that there was no opposition to the $500 per hour fee and I think that fee is quite appropriate even if there was opposition. So let me just put that on the record."); *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit."); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY) (finding that an hourly rate of $450 an hour for plaintiff's counsel herein is 'reasonable considering Plaintiff's counsel "ha[s] litigated over 350 employment/wage cases in New York's federal courts since 2001'").

Under the settlement agreement, Plaintiff's counsel is due to receive reimbursement of Seven Hundred and Seventy-One Dollars ($771) in filing ($400), mediation ($300), and service costs ($71), plus a 1/3 contingency fee of Seven Thousand, Three Hundred and Thirty-Three Dollar ($7,333)[1]. (See Ex. 1 ¶ 2). See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

*Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is governed by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Ramsurat v. Capitol Fire Sprinkler Co., Inc. et al*, Case No. 20-CV-04043 (Judge Merkl - EDNY July 29, 2021)(approving a 1/3 contingency fee of $8,011 under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Drammeh v. TGS Washes, LLC et al*, Case No. 18-CV-05879 (Magistrate-Judge Levy - EDNY May 29, 2019)(1/3 fee of $8,714 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Vassell v. Village Plumbing & Heating, Inc. et al*, 17-CV-03510 (Magistrate-Judge Pollak – EDNY)(1/3 fee of $8,815 under *Cheeks*); *Ortiz v. Threeline Imports, Inc. et al*, 17-cv-02411 (Magistrate-Judge Pollak – EDNY)(1/3 fee of $8,148 under *Cheeks*); *Myers v. Bowl 360 Inc. et al*, 16-CV-06684 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $6,815 under *Cheeks*); *Harris v. O'Connell Protection Services, LLC et al*, 17-CV-02226 (Judge Feuerstein – EDNY)(1/3 fee of $10,315 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY)(approving $4,000 in damages and $55,000 in fees and costs under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive a lot less or nothing. Second, the settlement amount can reasonably be viewed as covering the FLSA

---

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.")

overtime wages. Third, the settlement amount is not insignificant in light of the factual and legal issues. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

   Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**  **Defense Counsel via ECF**